## Staunton.

SHIFLETT v. GRIMSLEY, JUDGE.

September 21, 1905.

1. TAXATION—*Distiller's License—Amount of Tax—Computation of Time.*— The statute fixing a license tax on distillers at five dollars for any period under three months, at twenty dollars for more than three but less than six months, and at fifty dollars for six months or more, must if possible be so construed as to be in harmony with section 555 of the Code, providing that all licenses, with a few exceptions, shall terminate on the 30th day of April, so that both statutes may stand, if possible. The two may be reconciled and effect given to both by only allowing the qualified or limited license to be issued within the limited period from the termination of the fiscal year, and this seems to be the reasonable and rational construction of the statutes in question.

Original application for a *mandamus* to compel the granting of a distiller's license.

*Refused.*

*R. S. Thomas* and *John S. Chapman,* for the petitioner.

BY THE COURT:

This case arises upon an application of Shiflett for a license to manufacture and distill alcoholic liquors by direct fermentation and distillation from pomace for a period of three months, beginning on the 24th day of August, 1905, and ending on the 24th day of November, 1905, the business to be conducted at the home of the petitioner in the county of Greene. According to petitioner's view of the law, he was required to pay for this

privilege the sum of five dollars, which he deposited with the treasurer of Greene county.   He showed to the satisfaction of the court that he was a fit person to conduct that business; that he would keep an orderly house; and that the place where the business was to be conducted was suitable, convenient, and appropriate.   As to all of these questions there is no controversy.

The judge of the Circuit Court, however, was of opinion that a person applying for a license such as that asked for by petitioner, should be required to pay fifty dollars for the privilege, and refused to grant the license unless the latter sum was paid. Thereupon, Shiflett applied to this court for a mandamus.

By section 555 of Va. Code, 1904, it is provided, among other things, that "all licenses shall expire on the 30th day of April, except licenses to theatres, public shows, exhibitions or other performances, and to bowling alleys and to billiard and bagatelle tables at watering places."

By section 141 of an act to raise revenue for the support of the government and public free schools, etc., approved April 16, 1903, as published by the Auditor of Public Accounts, with amendments to the adjournment of the General Assembly of 1904, it is provided, that "no person, corporation, company, firm, partnership, or association shall, within the limits of this State, engage in the business of rectifying, or of manufacturing or distilling malt or alcoholic liquors, other than wine, or sell, or offer to sell, by sample or representation or otherwise, wine, ardent spirits, malt liquors, or any mixture thereof, alcoholic bitters, bitters containing alcohol, or fruit preserved in ardent spirits, either by wholesale, retail, or to be drunk at the place where sold, or in any way, without first having obtained license therefor.   .   .   .   Every manufacturer or distiller of alcoholic liquors shall pay for said privilege, at the time his license is granted, a specific sum therefor to be graduated and classified as follows:   .   .   .   The manufacturer of alcoholic liquors by direct fermentation and distillation from pomace, or from cider or fruits, where the distillery is run less than three months,

shall pay a specific sum of five dollars, but if the distillery is run more than three months and less than six the specific amount to be paid for the privilege shall be twenty dollars, and if run six months or more there shall be paid for the privilege fifty dollars."

The last mentioned act was passed at a later date than section 555, and by section 146, it is provided that "all acts or parts of acts inconsistent with the provisions of this act are hereby repealed."

The contention of petitioner is that section 555, which provides that all licenses shall terminate on the 30th of April, is in that respect inconsistent with the tax law, which provides for the issuing of a license such as he desires for a period of three or more months, and that by the terms of the tax law, upon the tender of five dollars he is entitled to a license for the manufacture of alcoholic liquor by direct fermentation, etc., to begin at any period which the applicant may desire, and to extend for the period of three months next ensuing.

If section 555 and the tax law can by any reasonable construction stand together and be enforced, then it is the duty of the courts to give effect to both of them, for repeals by implication are not favored, and section 555 is now in force unless by reason of its inconsistency and repugnancy to the will of the Legislature as last declared in the tax law it has been repealed. If the construction contended for by the petitioner be the correct one, it leads to a result so extraordinary as to fall little short of an absurdity. The law provides that for a license to run for a period of six months or more there shall be paid the sum of fifty dollars; and yet, if the contention of the petitioner be correct he can, by dividing the year into four periods of three months and applying for a license to run for three months only, enjoy the privilege for the entire year at a cost of twenty dollars. Such a result is not to be reached unless the language of the law be so plain as to exclude any other construction.

His honor, Judge Grimsley, after stating these views with

much precision in his answer, suggests a theory upon which the two laws may be reconciled and both be given a reasonable and rational construction, and it is that the qualified or limited license is to be issued within the limited period from the termination of the fiscal year—that is to say, that an applicant who applies on the last day of January for the privilege here sought, to run until the 30th of April, which is three months, would be entitled to it upon the payment of five dollars and proof of the other requisites enumerated in the law. So, still taking the end of the fiscal year, or the 30th of April, as the date on which the license would terminate, the applicant would be entitled to the privilege for a period of less than six months, beginning, for instance, on the 2nd day of November, upon the payment of twenty dollars. The Legislature in passing the tax bill, of course had before it all the laws bearing upon the subject; and it is far more reasonable to suppose that they intended that the tax law should be construed in harmonious relation to section 555, than that it should have enacted a law which requires a tax of fifty dollars for the exercise of a privilege for six months or more, and then have proceeded to render this provision nugatory by permitting the applicant to subdivide the year into four parts and obtain a license covering the whole period upon the payment of two-fifths of the sum which it has just solemnly declared was the price fixed upon the privilege.

There are, perhaps, other grounds upon which our conclusion could be sustained, but under the circumstances disclosed by the record we perfer to rest our judgment upon a construction of the law.

The application for a writ of mandamus is denied.

*Mandamus refused.*